UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROY RENNA,

                              Plaintiff,          **REPORT AND**
                                                                      **RECOMMENDATION**
   -against-                                        17-CV-3378 (DRH)(SIL)

QUEENS LEDGER/GREENPOINT STAR INC.,

                              Defendant.
------------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this copyright infringement action brought pursuant to the United States Copyright Act (the "Copyright Act"), 17 U.S.C. § 101 *et seq.*, on referral from the Honorable Denis R. Hurley[1] for Report and Recommendation, is Plaintiff Roy Renna's ("Plaintiff" or "Renna") Motion for Default Judgment against Defendant Queens Ledger/Greenpoint Star Inc. ("Defendant" or "Queens Ledger"). *See* Docket Entry ("DE") [13]. For the reasons set forth herein, the Court respectfully recommends that a default judgment as to liability be entered against Defendant, but that Renna's application for damages be denied without prejudice and with leave to renew upon the submission of supporting documentation.

**I. BACKGROUND**

   **A. Facts**

Plaintiff is a professional photojournalist "in the business of licensing his photographs to online, print, and television media outlets for . . . fee[s,]" based out of

---

[1] This matter was originally assigned to the Honorable Leonard D. Wexler and was reassigned to Judge Hurley on April 5, 2018. *See* Electronic Order dated April 5, 2018.

1

Maspeth, New York. Complaint ("Compl."), DE [1], ¶ 5. Renna's photographs have appeared in various publications throughout the United States. *See id.*

Queens Ledger is a corporation duly organized and existing under the laws of the State of New York. *See id.* ¶ 6. Defendant is registered with the New York Department of State, Division of Corporations, to do business in the State. *See id.* At all times relevant to Plaintiff's claims, Defendant had a place of business in Maspeth, New York, and owned and operated a website at the URL www.middlevillageblog.com (the "Website"). *See id.*

On January 10, 2016, Renna captured three photographs (the "Images") at the scene of a car accident where two individuals were arrested. *See id.* ¶ 7, Exhibit ("Ex.") A. Plaintiff subsequently published the Images online via his Facebook page. *See id.* ¶ 8. Renna alleges that he is the author of the Images and "has at all times been the sole owner of all right, title and interest in and to the [Images], including the copyright[s] thereto." *Id.* ¶ 9. Nevertheless, without Plaintiff's authorization, on or about January 11, 2016, Queens Ledger prominently featured the Images in an article posted to its Website entitled *FDNY EMS Ambulance hit by alleged drunk driver*. *See id.* ¶¶ 11, 12, Ex. C.

On April 27, 2017, an application to register the Images, among other photographs, was submitted to the United States Copyright Office (the "Copyright Office") on Plaintiff's behalf. *See id.* ¶ 10, Ex. B. In connection with that application,

2

the Images were given pending Copyright Registration Number 1-4992310331.[2]  *See id.*

### B. **Procedural History**

Renna commenced this action against Queens Ledger on June 6, 2017, seeking: (i) a determination that Defendant infringed upon Plaintiff's copyrights in the Images in violation of 17 U.S.C §§ 106 and 501; (ii) an award of "actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement . . ."; (iii) an accounting of "all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct"; and (iv) an award of pre-judgment interest. *See* Compl. at WHEREFORE ¶¶ 1-4.  On June 22, 2017, Plaintiff effectuated service of process upon Defendant by delivering a copy of the Summons and Complaint to an agent in the office of the Secretary of State of the State of New York.  *See* DE [7].  After Queens Ledger failed to timely answer or otherwise respond to the Complaint, the Clerk of the Court, at Renna's request, entered a Certificate of Default against Defendant on September 6, 2017.  *See* DE [10].

On December 11, 2017, Plaintiff filed a letter motion requesting a pre-motion conference in connection with his proposed motion for default judgment.  *See* DE [11].  By Electronic Order entered on the same date, the Court granted Renna's request and set a briefing schedule for the anticipated motion.  *See* Electronic Order dated December 11, 2017.  Following a slight modification to the briefing schedule, Plaintiff

---

[2] Although the Complaint alleges that the Images "were registered with the U.S. Copyright Office[,]" Plaintiff has identified only a "pending" registration number and has not submitted registration certificates to this Court. *See* Compl. ¶ 10, Ex. B.

3

filed the instant motion on March 27, 2018, seeking only "actual damages in the amount of $30,000 for copyright infringement." *See* Electronic Orders dated March 26, 2018 and March 27, 2018; DEs [12], [13]. On April 5, 2018, the case was reassigned to Judge Hurley, who then referred Plaintiff's motion to this Court for Report and Recommendation. *See* Electronic Orders dated April 5, 2018 and April 6, 2018.

## II. DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (internal quotation marks and citation omitted).

4

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In evaluating a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrara v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015) (internal quotation marks and citation omitted). Hence, "[a] court should deny a motion for entry of a default judgment if the facts a plaintiff alleges in his complaint, taken to be true, fail to state a valid cause of action upon which the relief sought can be granted." *Orellana v. World Courier, Inc.*, No. 09-cv-576, 2010 WL 3861013, at *2 (E.D.N.Y. Sept. 28, 2010). Though "[u]nder [Fed. R. Civ. P.] 8, a complaint is not required to allege 'detailed factual allegations[,]' . . . [t]he Court '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Adlife Mktg. & Commc'ns Co. v. Best Yet Mkt., Inc.*, No. 2:17-cv-2978, 2017 WL 4564763, at *2 (E.D.N.Y. Oct. 11, 2017) (quoting *Kendall v. Caliber Home Loans, Inc.*, 198 F. Supp. 3d 168, 170 (E.D.N.Y. 2016) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007)).

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound*, 973 F.2d at 158. "Thus, a court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *Top Rank Inc. v. Tacos Mexicanos*, No. 01-cv-5977, 2003 WL 21143072, at *4 (E.D.N.Y. Mar. 28,

5

2003). In making this assessment, the Court has the "discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence." *Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest Corp.*, 749 F. Supp. 2d 81, 85 (E.D.N.Y. 2010).

### III. DISCUSSION

#### A. Liability

As discussed above, Renna seeks to hold Queens Ledger liable for infringement of his copyrights in the Images in violation of 17 U.S.C. §§ 106 and 501(a). *See* Compl. ¶¶ 14-16. The Copyright Act grants copyright owners the "exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies . . . ; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies . . . of the copyrighted work to the public by sale . . . or by rental, lease, or lending." 17 U.S.C. § 106. "Under 17 U.S.C. § 501(a), '[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright . . . .'" *Asia TV USA, Ltd. v. Total Cable USA LLC*, No. 16-cv-6873, 2018 WL 1626165, at *6 (S.D.N.Y. Mar. 29, 2018), *reconsideration denied*, 2018 WL 2435175 (S.D.N.Y. May 30, 2018). "A properly plead[ed] copyright infringement claim must allege (1) which specific original works are the subject of the copyright claim, (2) that [the] plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Adlife*, 2017 WL 4564763, at *3 (alteration in

6

original) (quoting *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 616 (S.D.N.Y. 2013)).

Applying these standards, the allegations in the Complaint establish Defendant's liability under 17 U.S.C. §§ 106 and 501(a) for infringement of Renna's copyrights in the Images. Initially, Plaintiff clearly identifies the Images—which he attaches as exhibits to the Complaint—as the original works underlying his copyright claim and asserts that he is the author of, and owner of the copyrights in, such works. *See* Compl. ¶¶ 7, 9, Ex. A. Because the Images are photographs, "[t]he necessary originality . . . may be founded upon, among other things, the photographer's choice of subject matter, angle of photograph, lighting, determination of the precise time when the photograph is to be taken, the kind of camera, the kind of film, the kind of lens, and the area in which the pictures are taken." *Sheldon v. Plot Commerce*, No. 15-cv-5885, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016). "[T]he requirements for originality are 'modest.'" *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 679 F. Supp. 2d 312, 320 (E.D.N.Y. 2010) (citation omitted). Here, the Images feature many of Plaintiff's own creative elements, including, at the very least, those derived from his choice of timing, location, and subject matter. Thus, the Images plainly possess the minimal, requisite degree of originality. *Accord SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301, 309 (S.D.N.Y. 2000) ("[N]o photograph, however simple, can be unaffected by the personal influence of the

7

author, and no two will be absolutely alike." (quoting *Jewelers' Circular Publ'g Co. v. Key-Stone Publ'g Co.*, 274 F. 932, 934 (S.D.N.Y. 1921), *aff'd*, 281 F. 83 (2d Cir. 1922)).

As to registration, the Complaint avers that the Images "were registered with the U.S. Copyright Office . . . [.]" *Id.* ¶ 10. Notwithstanding Plaintiff's failure to submit registration certificates or other evidence of registration, the Court accepts this allegation as true for purposes of its liability analysis. *See Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 253 (E.D.N.Y. 2010) ("[A] party's default is almost universally deemed an admission of the plaintiff's well-pleaded allegations of fact pertaining to liability."); *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013) ("[A]t this [pleading] stage, Plaintiffs need only 'allege . . . that plaintiff owns the copyrights in those works' and 'that the copyrights have been registered in accordance with the statute[.]'" (ellipsis in original) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd sub nom.*, 23 F.3d 398 (2d Cir. 1994))); *Palmer Kane LLC v. Scholastic Corp.*, 12-cv-3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013) ("The complaint properly alleges that the copyrights have been registered in stating that the copyrights 'that are the subject of this action have been registered with the United States Copyright Office.' Contrary to defendants' contentions, the complaint is not required to attach copies of registration certificates or provide registration numbers for all of the copyrights at issue . . . ."); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157, 130 S. Ct. 1237, 1241 (2010) (holding that the registration precondition to suit under § 411(a) is nonjurisdictional in nature); *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018) ("[T]he copyright

8

registration requirement imposed by 17 U.S.C. [§] 411(a) is not a [Fed. R. Civ. P.] 12(b)(1) jurisdictional bar.").[3]  Plaintiff has therefore satisfied the registration component of his copyright infringement claim.  The final element has likewise been established, as the Complaint describes with specificity the acts of Queens Ledger that infringed Renna's copyrights in the Images, namely, Defendant's publication of the Images on its Website on or about January 11, 2016, in connection with an article entitled *FDNY EMS Ambulance hit by alleged drunk driver*.  *See id.* ¶¶ 11, 12, Ex. C.  Accordingly, this Court respectfully recommends that Queens Ledger be held liable for copyright infringement under the Copyright Act.[4]

---

[3] The Court notes that absent Plaintiff's allegation that the Images were actually registered, dismissal of the Complaint would likely be proper.  *See Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 09-cv-2669, 2012 WL 1021535, at *5 (S.D.N.Y. Mar. 26, 2012) ("Courts in this Circuit have . . . required that a plaintiff either hold a valid copyright registration outright or have applied and been refused a registration prior to filing a civil claim . . . . A pending application does not suffice." (emphasis in original) (citations omitted)); *but see Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014) (acknowledging a circuit split over "whether a pending application satisfies § 411(a)'s requirement of copyright registration as a precondition to instituting an infringement action").

[4] Although registration of the subject work with the Copyright Office is a precondition to filing suit for infringement under the Copyright Act, *see* 17 U.S.C. § 411(a), such registration need not occur before the act of infringement.  *See id.* ("[N]o civil action for infringement of the copyright in any United States work shall be instituted *until* preregistration or registration of the copyright claim has been made in accordance with this title." (emphasis added)); *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp.*, 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002) ("Registration with the United States Copyright Office is not required to obtain copyright protection." (citing 17 U.S.C. § 408(a)), *aff'd sub nom.*, 354 F.3d 112 (2d Cir. 2003).  Registration prior to the infringement does, however, entitle the copyright holder to seek statutory damages and attorneys' fees.  *See* 17 U.S.C. § 412; *Argentto Sys., Inc. v. Subin Assocs., LLP*, No. 10-cv-8174, 2011 WL 2534896, at *2 (S.D.N.Y. June 24, 2011).

9

## B. <u>Damages</u>

Having found Defendant liable for copyright infringement, the Court next turns to the question of damages.[5] The Copyright Act provides that "an infringer of copyright is liable for either . . . (1) the copyright owner's actual damages and any additional profits of the infringer . . . or (2) statutory damages as provided by [17 U.S.C. § 504(c)]." 17 U.S.C. § 504(a). The copyright owner who suffered the infringement harm may select whether relief should be based on the actual damages suffered plus additional profits or statutory damages. *See Twin Peaks Prods., Inc. v. Publications Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993). However, statutory damages are only available to copyright owners who registered their copyright "[three] months after the publication of the work or [one] month after the copyright owner . . . learned of the infringement." 17 U.S.C. § 412; *see also Millennium TGA, Inc. v. Leon*, No. 12-cv-01360, 2013 WL 5719079, at *9 (E.D.N.Y. Oct. 18, 2013). Renna properly seeks only actual damages, *see* DE [13], as he has not submitted adequate proof that the copyrights in the Images were timely registered such that he would be entitled to statutory damages.

Although the Copyright Act "does not define what constitutes actual damages, the primary measure of recovery is the extent to which the market value of the

---

[5] Notably, paragraph 18 of the Complaint alleges that "Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages" and that "Plaintiff has no adequate remedy of law." Compl. ¶ 18. Nevertheless, neither the Complaint's Prayer for Relief nor Plaintiff's default judgment motion papers seek injunctive relief. Thus, in light of Renna's failure to explicitly request this additional remedy, this Court will not address the issue further.

copyrighted work at the time of the infringement has been injured or destroyed by the infringement." *Millennium TGA*, 2013 WL 5719079, at *10 (quoting *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1118 (2d Cir. 1986)). The amount of actual damages, however, "may not be based on 'undue speculation.'" *Id.* (quoting *Davis v. The Gap, Inc.*, 246 F.3d 152, 166-67 (2d Cir. 2001)). Instead, "some reasonable basis for computation has to be used, even though the calculation may only be approximate[.]" *Id.* (quoting *Nature's Enterprises, Inc. v. Pearson*, No. 08-cv-8549, 2010 WL 447377, at *7 (S.D.N.Y. Feb. 9, 2010)). Here, Plaintiff has failed to submit any affidavits or other documentary evidence in support of his application for $30,000.00 in actual damages. As a result, the Court is unable to ascertain either the market value of the Images or the extent to which that value has been diminished, if at all, as a result of Queens Ledger's infringement.[6] Accordingly, the Court recommends that Renna's request for actual damages be denied without prejudice and with leave to renew along with evidence setting forth "some reasonable basis for [his] computation." *Millennium TGA*, 2013 WL 5719079, at *10.[7]

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that a default judgment as to liability be entered against Defendant, but that Renna's

---

[6] The Court is similarly unable to conclude, based on the current record, whether Defendant profited from its wrongdoing.

[7] Because it is conceivable that Renna will be able to establish his damages through affidavits or documentary evidence, an inquest hearing is not warranted at this juncture.

11

application for damages be denied without prejudice and with leave to renew upon the submission of supporting documentation.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Renna is directed to serve a copy of it on Queens Ledger by overnight mail and file proof of service via ECF within three days of the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. *See* 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         February 13, 2019

                                           s/ Steven I. Locke
                                           STEVEN I. LOCKE
                                           United States Magistrate Judge