UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROY RENNA

                              *Plaintiff,*

    - against -

QUEENS LEDGER / GREENPOINT STAR, INC.

                              *Defendant.*

Docket No. 2:17-cv-03378 (LDW) (SIL)

## DECLARATION IN SUPPORT OF DAMAGES
## ON DEFAULT JUDGMENT

      I, RICHARD LIEBOWITZ, declare under the penalty of perjury that the following is true and correct to the best of my personal knowledge.

      1.     I am counsel for Plaintiff Roy Renna ("Plaintiff" or "Renna") in this action and admitted to practice law in this District Court.

      2.     I submit this declaration in support of Plaintiff's motion for damages relating to the default judgment entered against Defendant.

      3.     Plaintiff seeks $1500.00 in actual damages under 17 U.S.C. 504(b) and $605.00 in court costs and service fees for a total of **$2105.00.**

      4.     The Second Circuit has ruled that an award of actual damages in a copyright infringement case "should be broadly construed to favor victims of infringement." *On Davis v. The Gap, Inc.,* 246 F.3d 152, 164 (2d Cir. 2001), as amended (May 15, 2001) (citing, *inter alia,* William F. Patry, *Copyright Law and Practice* 1167 [1994] ("Within reason, any

ambiguities should be resolved in favor of the copyright owner.")). Thus, when a court is confronted with imprecision in the calculation of damages, it "should err on the side of guaranteeing the plaintiff a full recovery." *Sygma Photo News, Inc. v. High Society Magazine,* 778 F.2d 89, 95 (2d Cir.1985) (citations omitted); *see also Fitzgerald Publ'g Co. v. Baylor Pub. Co., Inc,* 807 F.2d 1110, 1118 (2d Cir. 1986) ("[A]ctual damages are not ... narrowly focused."); *cf. In Design v. K–Mart Apparel Corp.,* 13 F.3d 559, 564 (2d Cir.1994) (noting that any doubts in calculating profits which result from the infringer's failure to present adequate proof of its costs are to be resolved in favor of the copyright holder), *abrogated on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

     5.     An actual damages award "looks at the facts from the point of view of the[ ] copyright owners; it undertakes to compensate the owner for any harm he suffered by reason of the infringer's illegal act." *On Davis,* 246 F.3d at 159. The Court may calculate actual damages by measuring the fair market value of the licensing "fee the owner was entitled to charge for [the infringer's] use" of his copyrighted work. *Id.* at 165 ("If a copier of protected work, instead of obtaining permission and paying the fee, proceeds without permission and without compensating the owner, . . . the owner has suffered damages to the extent of the infringer's taking without paying what the owner was legally entitled to exact a fee for."); accord *Jarvis v. K2 Inc.,* 486 F.3d 526, 533 (9th Cir.2007) (holding that "in situations where the infringer could have bargained with the copyright owner to purchase the right to use the work, actual damages are what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work'" (quoting *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 512 (9th Cir.1985)).

6. Here, the fair market value of what Defendant would have paid to license the photograph, or the price that Renna would have settled for is not the question. Rather, it is what Renna was "entitled to charge" for Defendant's use of the photograph. *On Davis,* 246 F.3d at 165 ("If a copier of protected work, instead of obtaining permission and paying the fee, proceeds without permission and without compensating the owner, it seems entirely reasonable to conclude that the owner has suffered damages to the extent of the infringer's taking without paying what the owner was legally entitled to exact a fee for. We can see no reason why, as an abstract matter, the statutory term "actual damages" should not cover the owner's failure to obtain the market value of the fee the owner was entitled to charge for such use."

7. Here, Renna routinely licenses photographs of similar value for the rate of $1,500.00 Attached as Exhibit A are true and correct copies of Renna's invoices for benchmark licensing fees.

8. Accordingly, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor in the amount of $1,500.00 in actual damages

9. In addition, the Court should award $605.00 in court costs, which includes filing fee of $400 on June 6, 2017, plus personal service fees of $75.00 on June 12, 2017; $75.00 on August 1, 2017, and $55.00 on January 8, 2018.

10. In sum, Plaintiff seeks an award of $2,105.00.

Dated: April 5, 2019
       Valley Stream, NY

LIEBOWITZ LAW FIRM, PLLC
By: **/s/richardliebowitz**
    Richard Liebowitz

11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorneys for Plaintiff
Roy Renna*