UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROY RENNA,

                              Plaintiff,                      **REPORT AND RECOMMENDATION**

    -against-                                          17-cv-3378 (DRH)(SIL)

QUEENS LEDGER/GREENPOINT STAR INC.,

                              Defendant.
----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court in this copyright infringement action brought pursuant to the United States Copyright Act (the "Copyright Act"), 17 U.S.C. § 101 *et seq.*, on referral from the Honorable Denis R. Hurley[1] for Report and Recommendation, is Plaintiff Roy Renna's ("Plaintiff" or "Renna") Motion for Damages arising out of a Default Judgment against Defendant Queens Ledger/Greenpoint Star Inc. ("Defendant" or "Queens Ledger"). *See* Docket Entry ("DE") [19]. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's request for damages be granted in part and denied in part.

**I. BACKGROUND[2]**

      Renna, a professional photojournalist, commenced this action against Queens Ledger on June 6, 2017, alleging that, without Plaintiff's authorization, Defendant posted onto its Website three photographs (the "Images") which Renna had captured

---

[1] This matter was originally assigned to the Honorable Leonard D. Wexler and was reassigned to Judge Hurley on April 5, 2018. *See* Electronic Order dated April 5, 2018.

[2] As the parties' familiarity with the underlying facts is presumed, the Court sets forth only background material that is directly relevant to the instant motion.

1

and of which he was the sole owner.  *See* Complaint ("Compl."), DE [1], ¶¶ 5, 7, 9, 11-12, Exhibit ("Ex.") A, Ex. C.  On June 22, 2017, Plaintiff effectuated service of process upon Queens Ledger by delivering a copy of the Summons and Complaint to an agent in the office of the New York State Secretary of State.  *See* DE [7].  After Defendant failed to timely answer or otherwise respond to the Complaint, the Clerk of the Court, at Renna's request, entered a Certificate of Default against Queens Ledger on September 6, 2017.  *See* DE [10].

On December 11, 2017, Plaintiff filed a letter motion requesting a pre-motion conference in connection with his proposed motion for default judgment.  *See* DE [11].  Judge Wexler granted Renna's request and set a briefing schedule for the anticipated motion.  *See* Electronic Order dated December 11, 2017.  Following a slight modification to the briefing schedule, Plaintiff filed the motion for default judgment on March 27, 2018, seeking $30,000.00 in actual damages for copyright infringement.  *See* Electronic Orders dated March 26, 2018 and March 27, 2018; DE [13].  On April 5, 2018, the case was reassigned to Judge Hurley, who then referred Renna's motion to this Court for Report and Recommendation.  *See* Electronic Orders dated April 5, 2018 and April 6, 2018.  This Court issued a Report and Recommendation on February 13, 2019, which recommended that a default judgment as to liability be entered against Queens Ledger, but that Plaintiff's application for damages be denied without prejudice and with leave to renew upon submission of supporting documentation.  *See* DE [15].  Judge Hurley adopted the Report and Recommendation on March 6, 2019 and directed Renna to file a motion for damages within thirty days.

2

*See* DE [18]. On April 5, 2019, Plaintiff filed the instant motion, *see* DE [19], which Judge Hurley referred to this Court for a Report and Recommendation. *See* Order Referring Motion, dated April 8, 2019.

## II. DEFAULT JUDGMENT STANDARD

Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, a party's default "is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). Thus, "even upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999)). The court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. Appx. 28, 31 (2d Cir. 2014) (internal quotation marks and citation omitted). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159 (citation omitted). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See*

3

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).

### III.  DISCUSSION

Initially, Plaintiff seeks $1,500.00 in actual damages under 17 U.S.C. § 504(b). *See* Declaration in Support of Damages on Default Judgment ("Damages Decl."), DE [19], ¶ 3. The Copyright Act provides that "an infringer of copyright is liable for either . . . (1) the copyright owner's actual damages and any additional profits of the infringer . . . or (2) statutory damages[.]" 17 U.S.C. § 504(a). The copyright owner who suffered the infringement may select whether relief should be based on actual damages and profits or statutory damages. *See Twin Peaks Prods., Inc. v. Publ'ns Int'l*, 996 F.2d 1366, 1380 (2d Cir. 1993); *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412, 435 (S.D.N.Y. 2018) (citing 17 U.S.C. § 504(c)(1)). However, statutory damages are only available to copyright owners who registered their copyright "[three] months after the first publication of the work or [one] month after the copyright owner . . . learned of the infringement[.]" 17 U.S.C. § 412; *see also Millennium TGA, Inc. v. Leon*, No. 12-cv-01360, 2013 WL 5719079, at *9 (E.D.N.Y. Oct. 18, 2013). Renna properly seeks only actual damages, as he has not submitted adequate proof that the copyrights in the Images were timely registered such that he would be entitled to statutory damages.

Although the Copyright Act "does not define what constitutes actual damages, the primary measure of recovery is the extent to which the market value of the copyrighted work at the time of the infringement has been injured or destroyed by

4

the infringement." *Millennium TGA*, 2013 WL 5719079, at *10 (quoting *Fitzgerald Publ'g. Co., Inc. v. Baylor Publ'g. Co., Inc.*, 807 F.2d 1110, 1118 (2d Cir. 1986)). Further, even where there is no harm to the market value of a copyrighted work—meaning that the infringement has not resulted in lost sales or diminution of the work's value—the owner sustains actual damages if, because of the infringer's unauthorized use of his work, he is unable to obtain the fee that he is entitled to charge for that work. *On Davis v. The Gap, Inc.*, 246 F.3d 152, 164-66 (2d Cir. 2001), *as amended* (May 15, 2001); *see also Terry v. Masterpiece Adver. Design*, No. 17-cv-8240, 2018 WL 3104091, at *3 (S.D.N.Y. June 21, 2018) ("In calculating the actual damages portion of § 504(b) damages, the lost license fee to the copyright holder is a reasonable enough place to start."). The amount of actual damages, however, "may not be based on undue speculation." *On Davis*, 246 F.3d at 166 (internal quotation marks and citation omitted). Instead, "some reasonable basis for computation has to be used, even though the calculation may only be approximate[.]" *Millennium TGA*, 2013 WL 5719079, at *10 (internal quotation marks and citation omitted). Thus, a plaintiff must show not simply what he would have charged for the allegedly infringed-upon work, but rather that the work "'had a fair market value,'" so as to protect a defendant "'against an unrealistically exaggerated claim.'" *Sheldon v. Plot Commerce*, No. 15-cv-5885, 2016 WL 5107072, at *14 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) (citing *On Davis*, 246 F.3d at 166).

Here, Plaintiff has submitted copies of five invoices, which show that Renna routinely licenses his photographs for $1,500.00 each. *See* Damages Decl., Ex. A. Thus, Plaintiff has demonstrated that the fair market value for each of the Images is $1,500.00. *See Sheldon*, No. 15-cv-5885, 2016 WL 5107072, at *14-*15 (finding that infringed-upon photograph had fair market value of $10,000.00 where plaintiff provided licensing agreements showing that he had previously licensed similar photograph for $10,000.00); *Baker v. Urban Outfitters, Inc.*, 254 F. Supp. 2d 346, 359 (S.D.N.Y. 2003) (noting that "instances of past licensing can serve as a benchmark for measuring the fair market value of a reasonable license fee" for copyrighted work) (citing *On* Davis, 246 F.3d at 161). Moreover, Judge Hurley granted default judgment in Plaintiff's favor with respect to all three Images that Renna alleges Queens Ledger used without authorization, *see* DE [18], and therefore Plaintiff would be entitled to actual damages for three Images, for a total of $4,500.00. Nevertheless, the instant motion references only one photograph and only seeks $1,500.00, the fair market value for a single image. Accordingly, the Court respectfully recommends that Renna be awarded $1,500.00 in actual damages. *See, e.g.*, *Feltzin v. Union Mall LLC*, No. 16-cv-2303, 2019 WL 4022292, at *9 (E.D.N.Y. Mar. 12, 2019) (awarding damages in amount plaintiff requested even though invoice indicated that plaintiff was entitled to higher amount).

Plaintiff further seeks $605.00 in court costs and service fees, which includes: (1) a $400.00 filing fee paid on June 6, 2017; (2) a $75.00 service fee paid on June 12, 2017; (3) a $75.00 service fee paid on August 1, 2017; and (4) a $55.00 service fee paid

6

on January 8, 2018. *See* Damages Decl. ¶ 9. The Copyright Act authorizes a court, "in its discretion," to order the payment of court costs to the prevailing party. *See Johnson v. Magnolia Pictures LLC*, No. 18-cv-9337, 2019 WL 4412483, at *4 (S.D.N.Y. Sept. 16, 2019) (quoting 17 U.S.C. § 505). Renna, however, has failed to provide any documentation to substantiate these costs. Fees are nonetheless "recoverable without supporting documentation if verified by the docket." *See Feltzin*, 2019 WL 4022292, at *9 (citations omitted). Accordingly, the Court respectfully recommends awarding: (1) the $400.00 filing fee paid on June 6, 2017, which is reflected on the docket, *see* DE [1]; (2) the $40.00 fee for service upon the New York State Secretary of State paid on June 22, 2017, for which Plaintiff filed an invoice on the docket, *see* DE [7]; and (3) the $40.00 fee for service upon the New York State Secretary of State paid on January 8, 2018, which Renna attached as an exhibit to his Motion for Default Judgment, *see* DE [13-7]. *See id.* (awarding costs for filing and service fees where plaintiff failed to submit documentation with his motion for fees, but docket reflected that such fees had been paid). The docket does not, however, reflect the purported June 12, 2017 $75.00 service fee, August 1, 2017 $75.00 service fee or January 8, 2018 $55.00 service fee. Because "courts in this district have rejected the award of costs without supporting documentation," the Court respectfully recommends that Plaintiff's request for these service fees be denied and that Renna be awarded $480.00 for fees and costs. *See Feltzin v. Ciampa Whitepoint LLC*, No. 15-cv-2279, 2017 WL 570761, at *4 (E.D.N.Y. Feb. 13, 2017) (internal quotation marks, citation and alteration omitted).

7

## IV. CONCLUSION

For the reasons stated above, the Court respectfully recommends that Plaintiff's motion be granted in part and denied in part, and that Renna be awarded $1,500.00 in actual damages and $480.00 in fees and costs, for a total award of $1,980.00.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below.  Renna is directed to serve a copy of it on Queens Ledger by overnight mail and file proof of service via ECF within three days of the date below.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report.  *See* 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:    Central Islip, New York
          October 2, 2019

                                        s/ Steven I. Locke
                                        STEVEN I. LOCKE
                                        United States Magistrate Judge